UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN GENTILLE, | ) | Case No.: 1:14 CV 2268 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| KOHL'S DEPARTMENT STORES, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court is Plaintiff Susan Gentille's Third Motion to Compel Discovery, including a Motion for Sanctions (ECF No. 50), and an additional Motion for Sanctions against Defense Counsel for conduct occurring at depositions and the failure to fully respond to discovery requests (ECF No. 53). For the reasons stated below, the court denies Plaintiff's Third Motion to Compel and denies Plaintiff's Motion for Sanctions against Defense Counsel.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2014, Plaintiff Susan Gentille ("Gentille") filed suit against Defendants Kohl's Department Stores, Inc. ("Kohl's" or "Defendant") and William Schutte ("Schutte") in the Court of Common Pleas of Cuyahoga County, Ohio, asserting causes of action for age discrimination (Count 1), gender discrimination (Count 2), hostile work environment based on sexual harassment (Count 3), negligent retention (Count 4), and retaliation (Count 5). (*See generally*

Compl., ECF No. 1-1.)  The grounds for Gentille's claims are that: (1) she was mistreated and passed over for Store Manager by Kohl's because of her age and gender; (2) she was sexually harassed by Schutte while Kohl's operated and condoned a hostile work environment; (3) Kohl's negligently retained Schutte, despite complaints by Kohl's female employees about Schutte and a jury verdict against Kohl's and Schutte in another unrelated state court case (although Gentille does not explain what allegations were made in that case); and (4) Kohl's retaliated against Gentille for retaining counsel and opposing workplace discrimination and harassment. (*Id.*)  Kohl's and Schutte removed the case to this court, where Schutte was subsequently dismissed from the case, and Kohl's is the only remaining Defendant.

For more than a year, the parties have had significant discovery issues.  On November 3, 2015, Gentille filed a Motion for Discovery (ECF No. 28), which the court granted in part and denied in part in an Order (ECF No. 32) on June 2, 2016.  On July 7, 2016, Gentille filed a second Motion to Compel (ECF No. 34), which the court denied in an Order (ECF No. 42) on August 25, 2016.  On August 30, 2016, Kohl's filed a Motion to Compel (ECF No. 43), which the court granted in an Order (ECF No. 45) on October 24, 2016.

On November 14, 2016, Gentile filed her Third Motion to Compel Discovery ("Motion to Compel") (ECF No. 50), along with a request for sanctions, contending that Defendant failed to produce documents which are responsive to Plaintiff's discovery requests. Plaintiff claims that these documents were only made known to her after she conducted three depositions at the tail-end of the discovery period.  On November 23, 2016, Defendant filed an Opposition (ECF No. 54), arguing that Plaintiff seeks documents which were already produced, do not exist, or were requested after the close of discovery.  Defendant also requests expenses and attorney fees for its response to

-2-

Plaintiff's Motion. On November 30, 2016, Plaintiff filed a Reply (ECF No. 61).

Furthermore, on November 22, 2016, Plaintiff filed a Motion for Sanctions against Defense Counsel ("Motion for Sanctions") (ECF No. 53) and requested a hearing on the issue. On December 21, 2016, Defendant filed an Opposition (ECF No. 68). On January 4, 2017, Plaintiff filed a Reply (ECF No. 85).

The court addresses each Motion below.

## II. MOTION TO COMPEL

### A. Legal Standard

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Potentially discoverable information is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Lewis v. ACV Business Servs, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998). The scope of relevance is broader at the discovery stage than at trial. *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499 (6th Cir. 1970). Items sought may relate to any of "a variety of fact-oriented issues [that] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, the court must deny discovery that is not relevant. The court must also limit discovery where discovery has become "unreasonably cumulative or duplicative . . . ; the party seeking discovery has ample opportunity to obtain the information by discovery;" or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, [etc.]. Fed R. Civ. P. 26(b)(2)(C) (numbering omitted). The Sixth Circuit has held that the "scope of discovery is, of course, within the broad discretion of the trial court."

*Lewis v. AB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

Rule 37 of the Federal Rules of Civil Procedure permits a party to move the court to compel disclosure by a non-responsive party. Fed. R. Civ. P. 37(a)(1). The moving party must certify that the movant has already, in good faith, "conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. If "a party fails to produce documents . . . as requested under Rule 34," an order compelling production is justified. Fed. R. Civ. P. 37(a)(3)(B). Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Additionally, Local Rule 37.1 adds further structure to the process of resolving a discovery dispute. The local rule suggests that a dispute should first be addressed through a telephone conference or letters to the court, with legal memoranda serving as a last resort. Local Rule 37.1(a). Furthermore, Local Rule 37.1 states that no motion to compel may be filed more than ten days after the close of discovery. Local Rule 37.1(b).

**B. Law and Analysis**

Local Rule 37.1 provides:

> (a) In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.
>
>> (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.
.
>> (2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.

> (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
>
> (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.
>
> (b) No discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date.

Local Rule 37.1.

Defendant argues that Plaintiff's Motion to Compel should be dismissed for: (1) failure to engage in a good faith effort to resolve the dispute; (2) failure to address the dispute through a telephone conference and letter before filing the Motion; and (3) failure to file the Motion within ten days of the discovery cut-off date. (Opp'n to Pl.'s Mot. to Compel, ECF No. 54, at 4-5.) Plaintiff contends that Local Rule 37.1 is "not mandatory," that she attempted to resolve the dispute through good faith, and that she has good cause for filing an untimely motion due to Defendant's obstructionist discovery tactics. (Pl.'s Reply in Support of Pl.'s Mot. to Compel, ECF No. 61, at 3-4.)

The court will first address the timeliness of Plaintiff's Motion, since a finding that the filing is untimely may prove to be dispositive. Local Rule 37.1 clearly states that no Motion to Compel may be filed more than ten days after the discovery cut-off date. Here, the discovery cut-off date was September 30, 2016. (Order/Minutes of Discovery Conference, ECF No. 41.) Plaintiff filed her Motion to Compel on November 14, 2016. Thus, Plaintiff filed her Motion 45 days after the close of discovery. Furthermore, Plaintiff filed her Motion to Compel two full weeks beyond the

cut-off date for dispositive motions, which were due by October 31, 2016. (*Id.*)

Plaintiff's filing is clearly beyond the time frame contemplated by the local rule. *See Williams v. Haddad*, No. 4:06CV1808, 2009 WL 1617671, at *1 (N.D. Ohio June 9, 2009) (denying a motion to compel because the plaintiff filed it one month after the discovery cut-off deadline and after having filed a motion for partial summary judgment).

Plaintiff argues that she has good cause for filing her Motion out of time, essentially contending that the delay is Defendant's fault. Plaintiff claims that:

> Had Defendant: (1) timely provided Plaintiff with discovery responses; (2) timely provided Plaintiff with available deposition dates; and (3) timely responded to Plaintiff's requests for documents following the September depositions, Plaintiff would have filed her Motion within the parameters of FRCP [*sic*] 37.1.

(Reply, ECF No. 61, at 4.)

Plaintiff's arguments are unavailing. Contrary to Plaintiff's first two assertions, Defendant's actions were "timely" in that they were completed before the expiration of the relevant deadline. Plaintiff's third assertion is equally unavailing because that specific request for documents was submitted after the close of discovery. This court sees no evidence of bad faith from Defendant, which would otherwise require remedial action.

The nature of a deadline is that certain tasks may not be completed until the end. Though that fact may not be ideal for Plaintiff, the depositions were still conducted in a timely manner. Because the court finds no problem with the deposition schedule, it cannot serve as an excuse for Plaintiff's late filing. Furthermore, the drafters of the local rules were aware that certain discovery requirements would not be completed until the end of the discovery deadline; thus, parties are allowed an additional ten days to raise discovery disputes. However, Plaintiff waited 45 days to file

the instant Motion. To put it simply, the depositions at issue were within the court's allotted deadline, whereas Plaintiff's Motion was not.

The court further notes that Plaintiff was not without remedy. The concerns she raises in her Motion to Compel date back to at least October 4, 2016, as evidenced by her discovery request sent to Defendant that same day. However, rather than filing an untimely discovery request, Plaintiff could have scheduled a timely phone conference with the court to discuss the issue – exactly as Local Rule 37.1 contemplates. Instead, Plaintiff waited to bring her concerns to the court until well after the discovery cut-off date and after each party had already filed dispositive motions. For all of these reasons, the court finds that Plaintiff's Motion to Compel is untimely, and thus, denied. Since Plaintiff's Motion to Compel is denied, her request for sanctions in regard to the Motion to Compel is also denied.

### III. MOTION FOR SANCTIONS

The court addresses herein Plaintiff's Motion for Sanctions against Defense Counsel for conduct which allegedly occurred during four depositions and for the failure to fully respond to a discovery request.

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides that, "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Plaintiff argues that she is entitled to expenses and fees because Defense Counsel engaged in "willful, repetitive, obstructionist, and unprofessional conduct during four depositions, and [failed] to honor their ethical and statutory discovery obligations." (Motion for Sanctions, ECF No. 53 at 2.) The court disagrees.

Plaintiff raises a number of arguments as to why she is entitled to sanctions: (1) Defendant failed to fully respond to Interrogatory No. 3; and (2) Defense Counsel made 544 objections over three depositions, which were allegedly baseless objections, speaking objections, and objections designed to coach the witnesses. (Mot. for Sanctions, ECF No. 53, at 2, 21.) Defendant argues that Plaintiff's Motion is time-barred under Local Rule 30.1(b)(7), which requires counsel to comply with Local Rule 37.1 "as to any disputes arising in connection with the taking of a deposition." (Response to Pl.'s Mot. for Sanctions, ECF No. 68, at 5.) Addressing the merits of Plaintiff's Motion, Defendant further argues that it correctly responded to Plaintiff's Interrogatory No. 3, and that its objections were all made for legitimate reasons.

Local Rule 30.1(b)(7) provides: "Counsel must comply with Local Rule 37.1 as to any disputes arising in connection with the taking of a deposition." Local Rule 37.1 requires: (1) a good faith effort to resolve the dispute before bringing it before a judicial officer; and (2) bars bringing a discovery dispute before the court more than ten days after the discovery cut-off date. Plaintiff responds that her Motion is not a "dispute arising in connection with the taking of a deposition" so Rule 30.1(b)(7) would not apply, nor is it a "discovery dispute" as contemplated in Rule 37.1's time bar. (Reply to Mot. for Sanctions, ECF No. 84-1 at. 2.) Plaintiff argues that she brings her Motion for Sanctions under Federal Rule of Civil Procedure 30(d), and the local rules do not apply. (*Id.*)

First, the court finds Plaintiff's position to be unfounded. Plaintiff brought a Motion under a rule which provides for sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent." Yet, Plaintiff also claims that her Motion is *not* a "dispute arising in connection with the taking of a deposition."

The court notes that the language of Local Rule 30.1(b)(7) is incredibly broad, stating that, "Counsel must comply with Local Rule 37.1 as to **any disputes arising in connection** with the taking of a deposition." 30.1(b)(7) (emphasis added).  Though the court could find no caselaw interpreting the local rule, it has found caselaw interpreting similar language in other contexts.  For example, in analyzing the language of an arbitration clause, the Sixth Circuit held that the phrase "**any controversy or claim arising out of** this Agreement" was so broad, that absent evidence of a clear intent to exclude a claim, a claim must be included.  *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir. 1983) (emphasis added).  Here, the language of Rule 30.1 is functionally identical to the language the Sixth Circuit analyzed, and thus, shall be treated as equally broad.  Furthermore, Plaintiff has provided no evidence that the Local Rule was meant to exclude disputes relating to attorney conduct.  Consequently, Rule 30.1 applies, and Plaintiff's dispute must comply with Local Rule 37.1.

Plaintiff's next argument is that Local Rule 37.1 should not apply because her dispute is not a "discovery dispute" as contemplated under the rule.  This argument is also unsound.  First, her dispute clearly arises out of the discovery process.  Second, the court would reach an absurd result if it were to find that Local Rule 30.1's incorporation of Local Rule 37.1 was valid, yet none of the substance of Rule 37.1 could apply.  The only logical reading of the rules is that where Rule 30.1 expressly incorporates Rule 37.1, Rule 37.l must apply.

Having established that Rules 30.1 and 37.1 apply to Plaintiff's Motion, the court will turn to the essence of Defendant's argument.  Local Rule 37.1 requires that "no discovery dispute shall be brought to the attention of the court . . . more than ten (10) days after the discovery cut-off date."  Plaintiff did not alert the court to her alleged problem until November 22, 2016 – a full 53 days after

the close of discovery. Plaintiff filed no motion for an extension of time, nor does she provide good cause for why her filing is late. Consequently, Plaintiff's Motion for Sanctions is untimely and is hereby denied.[1]

### IV. COSTS AND FEES

Defendant requests that Plaintiff should be ordered to pay Kohl's costs and fees in responding to the Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), and the Motion for Sanctions pursuant to Local Rule 7.1(i).

Rule 37(a)(5)(B) states:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

Local Rule 7.1(i) states:

> Filing a frivolous motion or opposing a motion on frivolous grounds may result in the imposition of appropriate sanctions including the assessment of costs and attorneys' fees against counsel and/or the

---

[1] While not ruling on the merits of Plaintiff's claims, the court notes that at least some of the arguments raised by Plaintiff on the merits are also unsound. For example, she argues that her Interrogatory No. 3 requires responsive information as far back as 2005. (Mot. for Sanctions, ECF No. 53, at 2.) However, the record clearly reveals that this court, in an Order on June 2, 2016, limited the scope of that interrogatory to a time period beginning in 2007. (Order, ECF No. 32, at 6.) Furthermore, Defendant made Plaintiff aware of this court's Order in its Response to her Motion. (Def.'s Opp'n, ECF No. 68, at 3.) Even so, in her Reply, Plaintiff ignored the existence of this court's Order and doubled down on her previous, discredited, argument. (Reply, ECF No. 85, at 3-4.)

>    party involved.

Local Rule 7.1(i).

In light of the court's ruling denying both of Plaintiff's Motions, and because Defendant requested costs and fees, the court issues an order to show cause to Plaintiff and Plaintiff's counsel as to why they should not be required to pay. The court gives Plaintiff and her counsel fourteen days to comply. Any response from Defendant will be due ten days thereafter, and shall also include itemization and support for any costs and fees Defendant seeks. If Plaintiff and her counsel wish to reply, they shall have seven days thereafter. The court will then set a status conference to schedule a hearing on the matter, if needed.

## V. CONCLUSION

For the foregoing reasons, the court denies Plaintiff's Third Motion to Compel Discovery (ECF No. 50) and denies Plaintiff's Motion for Sanctions against Defense Counsel (ECF No. 53). Plaintiff and Plaintiff's counsel have fourteen days to show cause as to why they should not be required to pay costs and fees which Defendant incurred in responding to these two Motions. Defendant will have ten days thereafter to respond, and shall include itemization and support for any costs and fees it seeks. Plaintiff shall have seven days thereafter to reply. If required, the court will then set a status conference to schedule a hearing on the matter.

IT IS SO ORDERED.

>                                           */s/ SOLOMON OLIVER, JR.*
>                                           UNITED STATES DISTRICT JUDGE

June 22, 2017